IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MECHELLE MAJOR,**

    **Petitioner,**

v.                                          **Civil Action No.: 3:20-CV-129 (GROH)**

**WARDEN P. ADAMS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 20, 2020, Petitioner Mechelle Major, an inmate incarcerated at Hazelton Secure Female Facility, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding (1) a failure by the Bureau of Prisons to maintain sanitary conditions, (2) her alleged exposure to COVID-19, and (3) the "compromise" of her mail, all of which action Petitioner characterized as a jail or prison condition. ECF No. 1 at 1, 5 – 6.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:20-CV-129, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On December 11, 2018, an indictment was returned in the District of Nebraska charging Petitioner in Counts 1 through 4 with two counts of unlawful use of a social security number and two counts of aggravated identity theft. ECF No. 1.

On April 25, 2019, Petitioner entered a guilty plea to Counts 3 and 4 of the indictment. ECF No. 27. On July 26, 2019, Petitioner was sentenced to 7 months of imprisonment for Count 3 and 24 months of imprisonment for Count 4, with those sentences to be served consecutively to one another. ECF Nos. 34, 37.

On August 3, 2020, Petitioner filed a motion for compassionate relief with the District of Nebraska. ECF No. 44. That motion remans pending.

### B. Administrative Proceedings

Although Petitioner did not submit copies of any administrative remedy requests along with her petition, she asserts that she presented her claim to the BOP but that the "agency denies [the] water is contaminated". ECF No. 1 at 8. Petitioner does not assert that she presented any other claims to the BOP, or submit any documentation regarding such administrative claims.

### C. Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on July 20, 2020, wherein she requested that the court order (1) "testing for COVID-19

---

[2] The facts are taken from Petitioner's criminal conviction in the District of Nebraska, in case number 8:18-CR-348-1, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

and antibody testing"; (2) testing of water and air; and (3) the "original content of [her] mail be given to [her]". ECF No. 1 at 8.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint,

3

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### IV. ANALYSIS

Petitioner asserts that she is entitled to the writ of habeas corpus on the theory that the BOP has failed to provide sanitary conditions of confinement or provide her unopened mail. ECF No. 1 at 5 – 6. For relief, Petitioner does not seek release from custody, to shorten her incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court order the Bureau of Prisons to conduct COVID-19 testing, air and water testing and that her mail be delivered to her in its original condition. Id. at 8.

---

if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

To the extent that Petitioner contends that the BOP's failure to provide sanitary conditions of confinement violated her Constitutional rights, her argument fails because neither the fact nor the length of her confinement are contested. Because Petitioner seeks relief that does not affect the fact or duration of her confinement, his claim is inappropriate for consideration under § 2241. As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[4]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

In her petition, it is clear that Petitioner does not attack, nor are her claims related in any way to, the execution of her sentence. She does not challenge the validity of her confinement or seek speedier release from confinement. Instead, she complains about the conditions of her confinement, i.e., that the prison is unsanitary, that she has been exposed to COVID-19 and that her mail has been opened before being delivered to

---

[4] Actions filed under § 1983 are civil rights actions against state actors. In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

5

her.[5] Accordingly, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and her petition must be dismissed.

## V.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

---

[5] To pursue the claims raised herein, Petitioner must file a lawsuit governed by Bivens, and pay the appropriate filing fee.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** August 13, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE